2015 BNH 021

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:  

Bernard A. Mizula and  
Molly Mizula,  
        Debtors

Bk. No. 12-12103-BAH  
Chapter 13

*Lawrence P. Sumski, Esq.*  
*Manchester, New Hampshire*  
*Chapter 13 Trustee*

*Leonard G. Deming, II, Esq.*  
*Deming Law Office*  
*Nashua, New Hampshire*  
*Attorney for Debtors Bernard A. Mizula and Molly Mizula*

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Before the Court is the objection of Bernard A. Mizula and Molly Mizula (the "Debtors") (Doc. No. 45) (the "Objection") to the motion to modify the plan filed by Lawrence P. Sumski, the chapter 13 trustee (the "Trustee"), pursuant to § 1329(a) of the Bankruptcy Code, 11 U.S.C. § 1329(a) (Doc. No. 44) (the "Motion").  After notice and a hearing, and consideration of the arguments of the parties, the Objection will be overruled and the Motion granted.

The Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and Local Rule 77.4 of the United States District Court for the District of New Hampshire.  This is a core proceeding under 28 U.S.C. § 157(b).

## II.    FACTS

The material facts of this case are undisputed and straightforward.  The following facts are drawn from the Motion, the Objection, and the Court's docket.

The Debtors filed their chapter 13 petition on June 29, 2012 (Doc. No. 1).  Their chapter 13 plan was confirmed on October 29, 2012 (Doc. No. 26).  The case has not been closed, dismissed, or converted.

The mother of debtor Bernard Mizula ("Bernard") died on September 24, 2014, more than two years after the Debtors filed their petition.  Bernard is a beneficiary of an unknown amount of his mother's estate.  To date, the mother's estate has not made any distribution to Bernard.  The Trustee seeks to increase total plan payments by an amount equal to the lesser of $176,089.47 (the amount required to fully fund the plan and thus provide a 100% distribution) or the full amount of the non-exempt portion of the inheritance.

## III.   DISCUSSION

During the period between plan confirmation and completion of plan payments, a chapter 13 trustee may seek modification of a confirmed plan.  11 U.S.C. § 1329(a).  One reason to modify a plan is to increase the total plan payments to be made.  11 U.S.C. § 1329(a)(1).  The Trustee argues that the inheritance is property of the Debtors' estate and, therefore, that the plan must be modified to increase the total amount of payments under the plan.  The Trustee is correct.

Property of the estate is defined by § 541.  It includes:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date by bequest, devise, or inheritance.

2

11 U.S.C. § 541(a)(5)(A).   Because the decedent died more than two years after the Debtors filed their petition, the Debtors could not have acquired or become entitled to acquire the inheritance interest within 180 days after the petition date.   Under § 541(a)(5)(A), therefore, the inheritance in this case would not be property of the estate.   In addition, except as otherwise provided in a chapter 13 plan or a confirmation order, confirmation of a plan vests all property of the estate in the debtor free and clear of any claim or interest of any creditor provided for by the plan.   11 U.S.C. § 1327(b) and (c).   The plan in this case was confirmed nearly two years before any vesting from the decedent's estate could have occurred.

    The provisions of chapter 13, however, contain an apparent conflicting provision that expands the definition of property of the estate under § 541.   Section 1306(a)(1) provides that:

> Property of the estate includes, <u>in addition to the property specified in section 541 of this title</u>—all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first[.]

11 U.S.C. § 1306(a)(1) (emphasis added).   A plain reading of this section is that every *kind* of property specified in § 541 is property of the estate if the debtor acquires it after the petition date but before the date the case is closed, dismissed, or converted.   See <u>Barbosa v. Solomon</u>, 235 F.3d 31, 36-37 (1st Cir. 2000) ("[b]y stating that the bankruptcy estate continues to be replenished by post-petition property until the case is closed, dismissed, or converted . . . section 1306(a) is actually providing for the continued existence of the bankruptcy estate until the earliest of any of the above-mentioned events occur," and stating further that the "estate does not cease to exist however, and it continues to be funded by the Debtors' regular income and post-petition assets as specified in section 1306(a)").   The First Circuit has held that notwithstanding the provisions of § 1327, the bankruptcy estate continues to exist post-confirmation and continues to be funded by a

debtor's regular income and post-petition assets pursuant to § 1306(a).  Id. at 37.  Certainly, inheritances are a "kind" of property specified in § 541.  See 11 U.S.C. § 541(a)(5)(A).

      The Debtors argue that Congress did not intend estate property to include inheritances acquired more than 180 days after the petition date but before the case is closed, dismissed, or converted.  But the statutory text of §§ 541(a)(5)(A) and 1306(a)(1) is clear that estate property includes such inheritances.  Reliance on legislative history is unnecessary when statutory text is unambiguous.  See U.S. v. Woods, 134 S. Ct. 557, 567 n.5 (2013) (citing Mohamad v. Palestinian Auth., 132 S. Ct. 1702, 1709 (2012)).

      The First Circuit has not addressed the specific issue of inheritances acquired beyond the 180-day period in § 541(a)(5).  But two other circuit courts have, both finding that such inheritances are estate property.  See Carroll v. Logan (In re Carroll), 735 F.3d 147, 150-52 (4th Cir. 2013); In re Lybrook, 951 F.2d 136, 137-39 (7th Cir. 1991); see also In re Waldron, 536 F.3d 1239, 1242 (11th Cir. 2008) (finding that "[i]f Congress had intended for confirmation to so dramatically affect the expansive definition of property of the estate found in [§] 1306, it knew how to draft such a provision") (citation omitted).  The overwhelming majority of district and bankruptcy courts conclude the same, reasoning that § 1306(a) broadens the definition of estate property beyond what § 541 provides.  See, e.g., In re Tinney, No. 07-42020-JJR13, 2012 WL 2742457, at *2 (N.D. Ala. July 9, 2012); In re Taylor, No. 10-60012-EJC, 2014 WL 7246122, at *3 (Bankr. S.D. Ga. Dec. 18, 2014); In re Roberts, 514 B.R. 358, 361-63 (Bankr. E.D.N.Y. 2014); In re Castillo, 508 B.R. 1, 6 (Bankr. W.D. Tex. 2014); In re Ormiston, 501 B.R. 303, 307-08 (Bankr. E.D.N.C. 2013); In re Stillwaggon, Case No. 9:10-bk-12289-FMD, 2014 WL 1087898, at *2 (Bankr. M.D. Fla. Mar. 19, 2004); see also In re Durrett, 187 B.R. 413, 416 (Bankr. D.N.H. 1995) (finding that "section 1306(a) . . . provides a special provision extending property of the estate to

include all property that the debtor acquires after the commencement of the case and all earnings from services provided by the debtor after commencement of the case, but before the case is closed[,] is dismissed, or converted to a case under chapter 7); In re Euerle, 70 B.R. 72, 73 (Bankr. D.N.H. 1987) (concluding that an "inheritance clearly became property of the estate under the provisions of §§ 541(a)(5) and 1306(a)(1)") (quotation omitted).

A small minority of courts, however, disagree. They cite two reasons. First, that a broad interpretation of § 1306(a)(1) renders § 1306(a)(2) superfluous.[1] See, e.g., In re Key, 465 B.R. 709, 712 (Bankr. S.D. Ga. 2012). Second, that § 1306(a)(1) incorporates the 180-day time limitation set forth in § 541(a)(5). See, e.g., Le v. Walsh (In re Walsh), No. 07-60774, 2011 WL 2621018, at *1-3 (Bankr. S.D. Ga. June 15, 2011); In re Schlottman, 319 B.R. 23, 25 (Bankr. M.D. Fla. 2004). The First Circuit's Barbosa decision, however, specifically rejected these rationales. Barbosa, 235 F.3d at 36-37.

In addition to property specified in § 541, property of the estate under § 1306(a)(1) includes property of the *kind* specified in § 541 acquired after the petition date but before the case is closed, dismissed, or converted. Section § 1306(a)(1) effectively expands what constitutes estate property under § 541, therefore, to include inheritances acquired beyond the 180-day limitation set forth in § 541(a)(5). As long as a debtor acquires an inheritance after the petition date but before the case is closed, dismissed, or converted, the non-exempt portion of the inheritance is property of the estate.

IV. CONCLUSION

Because Bernard acquired an inheritance interest from his mother's estate after he filed his chapter 13 petition but before his case was closed, dismissed, or converted, such inheritance is

---

[1] Section 1306(a)(2) provides that earnings from services performed by the debtor after the petition date but before the case is closed, dismissed, or converted are property of the estate.

5

property of the bankruptcy estate. The Debtors should amend their schedules, including the addition of a claim for any applicable exemption in the inheritance. See 11 U.S.C. § 522(b)(1); Fed. R. Bankr. P. 1007(h). The inheritance should be available to pay creditors to the extent the Debtors do not properly claim an exemption to the property. For that reason, the Debtors' plan should be modified. Accordingly, the Court will issue a separate order granting the Motion and overruling the Objection. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

ENTERED at Manchester, New Hampshire.

Date: February 25, 2015 /s/ J. Michael Deasy
J. Michael Deasy
U.S. Bankruptcy Judge